01

02

03

04          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
05              AT SEATTLE

06  ALLAN PARMELEE,                    )   CASE NO.: C06-1589-RSM
                                       )
07          Petitioner,                )
                                       )
08      v.                             )   REPORT AND RECOMMENDATION
                                       )
09  JEFFREY UTTECHT,                   )
                                       )
10          Respondent.                )
    _____)

11

12          Petitioner is a state prisoner who has submitted a *pro se* petition for a writ of habeas

13  corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed *in forma pauperis.*

14  (Dkt. #1). The petition has not been served on respondent. For the reasons set forth below, the

15  Court recommends that the petition be dismissed without prejudice.

16                              BACKGROUND

17          In 2004, petitioner was convicted in King County Superior Court of two counts of arson

18  and was sentenced to 24 years in prison. (Petition at 1). Petitioner's attempt to appeal his

19  conviction in state court apparently failed because, according to petitioner, the state court has

20  denied him leave to proceed *in forma pauperis*. (*Id*. at 6). In addition, petitioner appears to have

21  a personal restraint petition ("PRP") currently pending in the Washington Court of Appeals. (*Id*.

22  at 13, referring to *In re Parmelee*, Case No. 586505-I (Wash. Ct. App.)).

REPORT AND RECOMMENDATION
PAGE -1

01                                    DISCUSSION

02        A federal district court is charged with reviewing a habeas petition prior to directing that

03   it be served on respondent.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United

04   States District Courts.  If it plainly appears from the petition and any attached exhibits that the

05   petitioner is not entitled to relief, then the court must dismiss the petition.  *Id.*  In reviewing the

06   instant habeas petition prior to directing that it be served on respondent, the court has determined

07   that the petitioner is not entitled to relief and therefore recommends dismissal without prejudice.

08        Petitioner's habeas petition lists three grounds for relief[1]:  In his first ground, petitioner

09   challenges the state court's denial of his request to proceed *in forma pauperis*.  (Petition at 6).

10   In his second ground for relief, petitioner asserts that he received ineffective assistance of counsel

11   because his trial counsel failed to preserve certain errors for appellate review.  (    *Id.* at 9).

12   Petitioner, however, does not identify specifically which errors counsel failed to preserve.  In his

13   third ground for relief, petitioner claims that he is currently being denied access to the courts by

14   the Washington Department of Corrections.

15        Petitioner's first ground for relief, challenging the state court's denial of his    *in forma*

16   *pauperis* application, does not appear to be within the scope of habeas review.  A determination

17   by the state court that petitioner should not be permitted to proceed *in forma pauperis* falls

18   outside the purview of the statute authorizing habeas petitions, which restricts such petitions to

19   claims that a petitioner is "in custody in violation of the Constitution or laws or treaties of the

20   ─────────────────

21        [1] Although the petition lists a total of three grounds for relief, they are not presented in the
     typical order.  The first ground is presented under the heading "First Ground for Relief," while the
22   second ground is listed under "Third Ground for Relief," and the third ground is set forth in
     paragraph #19 of the petition.  (Petition at 7-8, 14).

REPORT AND RECOMMENDATION
PAGE -2

01 United States." 28 U.S.C. § 2254(a).  Accordingly, petitioner's first ground for relief should not

02 be allowed to proceed here.

03       Petitioner's second ground for relief, alleging ineffective assistance of counsel, would be

04 cognizable on habeas review if it were presented in greater detail.  Ordinarily, the court would

05 grant petitioner leave to amend his habeas petition to present the claim in greater detail; however,

06 here, it appears that because petitioner has a PRP currently pending in state court, he has failed

07 to exhaust his state remedies, a prerequisite to the filing of a habeas petition.  *See* 28 U.S.C. §

08 2254(b).  Even if the pending PRP raises different issues than the habeas petition presented here,

09 the Ninth Circuit has held that a federal habeas petitioner must await the outcome of any pending

10 state court challenges before a federal court may consider the petitioner to have exhausted his

11 state remedies.  *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983); *Brown v. Maass,*

12 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam* ); *Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir.

13 1964) (*per curiam*).  Accordingly, petitioner's second ground for relief should not proceed here

14 until the state court has disposed of petitioner's PRP and petitioner has pursued all possible

15 appeals thereof.

16       Finally, petitioner's third ground for relief, that he is being denied access to the courts,

17 must be brought pursuant to 42 U.S.C. § 1983 instead of 28 U.S.C. § 2254, because it is a

18 challenge to petitioner's *conditions* of confinement, rather than to his *custody*.  *See Preiser v.*

19 *Rodriguez*, 411 U.S. 475, 499 (1973).  Accordingly, petitioner's third ground for relief should not

20 be allowed to proceed here.[2]

21 ────────────────

22     [2] The court notes that petitioner recently had a similar "access to courts" claim dismissed without prejudice by this court.  *See Parmelee v. Carter*, Case No. C05-5646-RBL-KLS (Order

REPORT AND RECOMMENDATION
PAGE -3

01                                    CONCLUSION

02          For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be

03   dismissed without prejudice.  In addition, petitioner's application for leave to proceed *in forma*

04   *pauperis* should be denied as moot.   A proposed Order accompanies this Report and

05   Recommendation.

06          DATED this 9th day of November, 2006.

07

08                                              _____
                                                Mary Alice Theiler
                                                United States Magistrate Judge
09

10

11

12

13

14

15

16

17

18

19

20   _____

21   issued September 7, 2006).  The court also notes that a bar order has been issued which prevents
     petitioner from proceeding *in forma pauperis* in any non-habeas action filed in this district, unless
     petitioner can show that he is "under imminent danger of physical injury." (Dkt. #8 in Case No.
22   C02-1467, at 2).

REPORT AND RECOMMENDATION
PAGE -4